[No. 4,159.]

## N. S. ROGERS v. JOHN HACKETT AND JESSE HACKETT.

ACTION OF UNLAWFUL DETAINER.—An action of unlawful detainer, for holding over after the expiration of the term, cannot be maintained, unless the time during which the defendant was to occupy the land had expired when the demand for possession was made by the plaintiff; and the above rule holds good, whether the agreement under which the defendant occupies is a lease, or an agreement to farm the land for a portion of the crop.

IDEM.—The fact that the agreement under which the defendant occupies is a verbal one, and that, by its terms, it was to continue for two years, does not change the rule.

APPEAL from the County Court, County of Merced.

Action of unlawful detainer for holding over after the expiration of the term. The complaint alleged that, on or about the 1st day of November, 1872, the plaintiff, by verbal lease, leased to the defendants, a section of land in Merced County, and a dwelling house on an adjoining section, for the term of one year from November 1, 1872, for the rent of one half the crops. That the term had expired, and the defendants continued to hold the premises, and that the plaintiff, on the 12th day of November, 1873, demanded in

writing a surrender of the premises, and that more than five days, since the demand, had elapsed, and the defendants refused to surrender. The action was commenced November 26, 1873. The answer, after denying the allegations of the complaint, proceeded as follows:

" Plaintiff agreed, on or about the 1st day of November, 1872, that defendants should enter upon the premises described in complaint, and defendants to cultivate the same in grain—wheat, barley, etc., plaintiff to furnish all seed to sow on the said land described in complaint, and to furnish the feed for the stock to farm and cultivate the land until the grain was harvested and sacked, and plaintiff was to have one half of all the grain raised upon the premises, after the same was harvested. Plaintiff also agreed to furnish sacks for his half of the grain so raised. The defendants were to furnish their own teams and labor to cultivate said land, and the plaintiff was to have one half of all the grain raised, as above set forth; the defendants to have and to hold the premises for two years, or two cropping seasons upon the above named terms. It was further agreed at the time aforesaid, that all the land that defendants plowed, broke up and cultivated in grain the first year or cropping season, that defendants should have the right and privilege of volunteering, or putting in a volunteer crop for the second year, or second cropping season upon the same land. The above agreement was verbal, and agreed and consented to by both plaintiff and defendants; that under said agreement defendants entered into possession of the premises described in the complaint, and have continued and are still in possession of the same, and their right to farm and cultivate the premises described in complaint has not yet expired.

" Defendants aver that in the months of August and September, 1872, they cultivated and farmed the premises for a volunteer crop of grain—wheat, barley, etc., for the coming season, or second year of the agreement hereinbefore set forth and described, and that they labored and cultivated the premises as last aforesaid, with the full knowledge, consent and approbation of the plaintiff."

The Court below, on motion of the plaintiff, rendered judgment for him on the pleadings. The defendant appealed.

*Scaniker & Ward,* for the Appellants.

The complaint does not state facts sufficient to constitute a cause of action, and will not support a judgment.

The complaint avers that on or about the 2d day of November, 1872, the plaintiff by a verbal lease, leased, demised, and to farm let the premises described in complaint for the term of one year, from said date, for the rent of one half of all the crops that might be raised thereon. This letting, although in the technical language and form of a lease, does not amount to a lease; the lands are let on the shares, and the possession of the lands is in the owner, and the parties are merely tenants in common of the crops.

The technical form and language of such a lease, reserving rent, has been held not to create a tenancy of the land between the parties; but only a tenancy in common of the crops. The crops were to be divided between the parties, and the render·being uncertain, it is therefore not properly rent, the occupiers are mere servants and not tenants. (*Bernal* v. *Hovous,* 17 Cal. R. p. 545; *Putnam* v. *Wise,* 1 Hill, p. 234; *Caswell* v. *Districh,* 15 Wend. p. 379; *Bradish* v. *Schenck,* 8 Johns, p. 151; *DeMott & Billson* v. *Hagerman,* 8 Cowen, p. 220; *Taylor* v. *Bradley,* 30 New York, p. 129; *Dinehart* v. *Wilson,* 15 Barb. p. 595; *Walker* v. *Fitts,* 24 Pick. p. 191; *Herskell* v. *Bushnell,* 37 Conn. p. 36; *Robertson* v. *George,* 7 New Hamp. p. 306.)

*Wigginton & Marks,* for the Respondent.

By the COURT:

The Court erred in rendering judgment upon the pleadings. It appears from the answer that the time during which the defendant was entitled to occupy the land under the terms of the agreement set forth had not expired when the demand for possession was made. This fact, if proven, would constitute a complete defense to the action; whatever

construction may be given to the agreement, as being a lease or otherwise, is a point which it is unnecessary to consider.

Judgment reversed, and cause remanded for a new trial. Remittitur forthwith.